IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-HC-2198-BO

ROGER G. KORNEGAY,            )
        Petitioner,           )
                              )
v.                            )    O R D E R
                              )
JOSEPH C. BOWMAN, et al.,     )
        Respondents.          )

On August 28, 2013, Roger G. Kornegay, petitioner, petitioned the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pet., D.E. 1. Now before the court is a motion for summary judgment filed on behalf of the North Carolina Attorney General. Mot. for Summ. J., D.E. 13. Petitioner was given proper notice to which he responded. Roseboro letter, D.E. 15; Response, D.E.16. In this posture, the matter is ripe for determination.

On September 12, 2013, in the Superior Court of Pender County, petitioner pled guilty to two counts of obtaining property by false pretenses and five counts of forgery of deeds or wills, and was sentenced to one consolidated 58-79 month sentence. Mem. in Supp., D.E. 14, Ex. 1 transcript of plea form, Ex. 2 judgment and commitment, Ex. 3, findings in aggravation and mitigation sheets. While petitioner was awaiting disposition of these cases in the Pender County Jail, he filed his current pro se federal habeas application form in this Court on August 28, 2013.

Petitioner contends: (1) the state violated Article IV(c) and V(c) of the Interstate Agreement on Detainers (IAD) by failing to bring him to trial within 120 days from his arrival in North Carolina and he was held in the Pender County Jail for fifteen and one-half months without being brought to trial; (2) the State of North Carolina used invalid and illegal extradition procedures in violation of the IAD by failing to obtain the Governor's approval of the extradition

request and he was not a fugitive from justice because he was not in North Carolina when indicted; and (3) ineffective assistance of counsel.

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

Petitioner's IAD claims are non-cognizable on federal habeas review, because no prejudice has been shown beyond his conclusory allegations. See Pethlel v. Bullard, 617 F.3d 299, 304 (4th Cir. 2010) (violation of anti-shuttling or trial before return provisions of Article IV and Article III of IAD does not warrant federal habeas relief); Threadgill v. McCabe, 2008 WL 216307 * 3 (W.D.N.C. 2008) (unpusblished); Kerr v. Finkbeiner, 757 F.2d 604, 607 (4th Cir. 1985) (IAD claims do not constitute fundamental defects and are generally non-cognizable on federal habeas review, absent showing of prejudice - violation of 180 day time provision of Article III(a) of IAD does not constitute fundamental defect entitling petition to federal habeas relief absent showing of prejudice); Bush v. Muncy, 659 F.2d 402 (4th Cir. 1981) (violation of IAD not fundamental defect subject to collateral review); McGill v. North Carolina, 1990 U.S. App. LEXIS 26912 (4th Cir. 1990) (unpublished) (violation of 180 day time limit of Article III of IAD did not constitute fundamental defect warranting federal habeas relief).

2

Furthermore, the issues raised took place prior to the entry of the guilty plea and are foreclosed by the plea of guilty. See United States v. Broce, 488 U.S. 563, 569 (1989); Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. O'Connor, 317 Fed. App'x 316, 319 (4th Cir. 2008) (insufficiency of evidence claim is foreclosed by a valid guilty plea); United States v. Williams, 247 Fed. App'x 423, 426 (4th Cir. 2007) (unpublished) (failure by the foreperson to sign the indictment is a non-jurisdictional error that is foreclosed by a guilty plea); United States v. Lopez-Armenta, 400 F.3d 1173, 1175 (9th Cir. 2005); United States v. DeVaughn, 73 F. App'x 627, 628 (4th Cir. 2003) (citing Tollett); United States v. Cox, 42 Fed. App'x 635, 637 (4th Cir. 2002) (violation of IADA waived with entry of guilty plea). Specifically, the United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

Tollett, 411 U.S. at 267. Simply stated, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before his plea. In such a case, the court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. See Broce, 488 U.S. at 569.

Petitioner entered into a guilty plea pursuant to Alford. Mem. in Supp., D.E. 14, Ex. 1 "Transcript of Plea." The transcript of plea form indicates that petitioner swore under oath in open court, that he discussed his case with his lawyer, his lawyer explained the nature of the charges, every element of each charge, he understood every element of the charges, discussed possible defenses, and was satisfied with his lawyer's legal services. Id. Petitioner pled guilty and the only terms and conditions of his plea bargain were as follows:

3

> Upon the defendant's plea of guilty to two (2) counts of obtaining property by false pretenses > $ 100k and to five (5) counts forgery of a Deed the State agrees to the sentences being consolidated under one (1) Class C felony of obtaining property by false pretenses > $ 100k. The State further agrees to dismiss all remaining related charges of which it has the authority to prosecute sentencing at the discretion of the court.

Id. Petitioner swore the transcript was correct and the full plea arrangement, no one made any other promises or threatened him in any way to cause him to enter his plea against his wishes, and the plea was entered of his own free with full understanding. Id.

Petitioner's sworn statements are binding in the absence of "clear and convincing evidence to the contrary." Fields v. Attorney Gen., 956 F.2d 1290, 1299 (4th Cir. 1992) (citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977)); Parke v. Raley, 506 U.S. 20 (1992) (judgment and guilty plea forms sufficient to obtain presumption of correctness). Here, petitioner's conclusory allegations do not overcome this "formidable barrier" created by his sworn statements in the transcript of plea. Blackledge, 431 U.S. at 74 ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal . . . .").

The court specifically considers ineffective assistance of counsel. To state such a claim in the context of a guilty plea, a petitioner must satisfy a two-pronged test. See, e.g., Bobby v. VanHook, 130 S. Ct. 13, 16 (2009) (per curiam); Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Strickland v. Washington, 466 U.S. 668, 686-88 (1984). First, a petitioner must show that the representation she received fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. The court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. The court, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.; see Gray v. Branker, 529 F.3d 220, 228–29 (4th Cir.

4

2008). Second, a petitioner must prove he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. Here, given the statements in open court that he understood his rights, had discussed possible defenses with his counsel, and was satisfied with his counsel's performance, petitioner has failed to show that the representation he received fell below an objective standard of reasonableness or prejudiced his defense. See Hill, 474 U.S. at 59; Strickland, 466 U.S. at 686-88; Fields, 956 F.2d at 1299; Blackledge, 431 U.S. at 74-75; Parke, 506 U.S. at 30-31.

The court finds the plea was voluntary, informed, and intelligent as required by Boykin v. Alabama, 395 U.S. 238 (1969). The court further finds defendant, as illustrated by the plea, comprehended his constitutional protections to which he was and is entitled and the charges lodged against him. Henderson v. Morgan, 426 U.S. 637, 645 n.13 (1976). No extraordinary circumstances existed or have been asserted and the solemn in-court representations of a defendant should be deemed conclusive. Little v. Allsbrook, 731 F.2d 238, 240 n.2 (4th Cir. 1984); Via v. Superintendent, 643 F.2d 167, 171 (4th Cir. 1981). The court finds that the plea was knowingly and voluntarily entered into by defendant with the advice of competent counsel. Because petitioner has not alleged nor shown that his plea was not knowing, intelligent, or voluntary the claims are dismissed.

In sum, the court GRANTS summary judgment [D.E.13], DISMISSES the petition on summary judgment in the entirety, and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The motion to enjoin additional parties is DENIED as MOOT [D.E. 17]. The motion to withdraw [D.E. 18] is ALLOWED. The clerk shall close the case.

5

SO ORDERED, this 23 day of January 2015.

*/s/ Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE